UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RADEEP VARMA ADDALA**, et al.,

    *Plaintiffs,*

v.

**TRACY RENAUD**, *in her official capacity as senior official performing the duties of Director, U.S. Citizenship and Immigration Services,*[1]

    *Defendant.*

Case No. 1:20-cv-2460-RCL

## MEMORANDUM OPINION

Plaintiffs Radeep Varma Addala, Sudheer Chowdary Kovi, and Peddabbayi Battini applied to U.S. Citizenship and Immigration Services (USCIS) for immigrant visas set aside for immigrant investors under the EB-5 program. Two of the plaintiffs applied in December 2018; the final plaintiff applied in April 2019. The agency has not yet taken any action on those applications. So, the plaintiffs sued, seeking an order declaring the agency's delay unreasonable and compelling prompt adjudication of their applications.

The agency moves to dismiss the complaint (ECF No. 7). It argues that the plaintiffs cannot establish unreasonable delay as a matter of law. But because there is no administrative record in this case, the Court lacks an adequate basis to rule on the reasonableness of the delay. Rather, the Court determines that this dispute would be better resolved following discovery. That determination also resolves the other two pending motions: the agency's motion for relief from Local Rule 7(m) (ECF No. 8), and the plaintiffs' motion for expedited discovery (ECF No. 11).

---

[1] On January 20, 2021, Tracy Renaud replaced Kenneth T. Cuccinelli, II as the temporary head of USCIS and was automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

1

Upon consideration of the complaint (ECF No. 1), motions, and briefs (ECF Nos. 7-1, 9, 10, 11-1, 12, 13, 14, 15), the Court will **DENY** the motion to dismiss, **GRANT** the motion for relief from Local Civil Rule 7(n), and **DENY** as moot the motion to expedite discovery by separate order.

## I. BACKGROUND

### A. EB-5 Visa Program

The EB-5 Immigrant Investor Program provides visas to "qualified immigrants" who invest in a new commercial enterprise that creates at least ten full-time jobs. 8 U.S.C. § 1153(b)(5)(A). When the plaintiffs made their investments, they were required to invest at least $1,000,000, unless they invested in a "targeted employment area," which required only a $500,000 investment. *Id.* at § 1153(b)(5)(C); *see also* 84 Fed. Reg. 35,750, 35,808 (July 24, 2019) (prospectively increasing minimum investment thresholds).

A qualified immigrant may meet the requirements for an EB-5 visa by investing in an approved regional center. *See* 8 C.F.R. § 204.6(m). Regional centers incentivize targeted investment in certain economic units. Before an immigrant investor may participate in a regional center, the agency must first approve a regional center designation. *See id.* at § 204.6(m)(4), (7). Once the agency classifies an economic unit as a regional center, it allows participants in the regional center to demonstrate that their investments will create jobs indirectly. *See id.* at § 204.6(j)(4)(iii), (m)(7)(ii). The agency relies on its approval of the regional center in evaluating EB-5 visa applications from regional center investors. USCIS, 6 Policy Manual, pt. G, ch. 4, § A.

After making the requisite investment, an investor may petition the agency for an EB-5 visa using form I-526. 8 C.F.R. § 204.6(a). If the investor demonstrates that he qualifies for a an EB-5 visa, he may seek a two-year conditional permanent residence status. *See Tingzi Wang v. USCIS*, 375 F. Supp. 3d 22, 26–27 (D.D.C. 2019). Congress has exhorted the agency to process

applications within six months. 8 U.S.C. § 1571(b). Actual processing times are much longer, and the agency has adjudicated fewer and fewer applications over each of the last the last four years. *See* USCIS, Number of Form I-526, Immigrant Petition by Alien Entrepreneur, by Fiscal Year, https://www.uscis.gov/sites/default/files/document/data/I526_performancedata_fy2020_qtr1.pdf; USCIS, Number of Service-wide Forms Fiscal Year to-Date By Quarter and Form Status, https://www.uscis.gov/sites/default/files/document/data/Quarterly_All_Forms_FY2020Q3.pdf.

### B. Factual Background

All three plaintiffs invested in an enterprise to fund a new hotel and parking garage near the Atlanta airport, managed by the EB-5 Affiliate Network State of Georgia Regional Center, LLC. *See* Compl. ¶¶ 51–53. The agency has adjudicated some EB-5 petitions associated with this enterprise. *Id.* at ¶ 57.

Radeep Varma Addala filed his EB-5 visa petition on December 10, 2018. *Id.* at ¶ 58.

Sudheer Chowdary Kovi filed his EB-5 visa petition on December 21, 2018. *Id.* at ¶ 64.

Peddabbayi Battini filed his EB-5 visa petition on April 11, 2019. *Id.* at ¶ 61.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Ordinarily, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (citation omitted). But when a complaint alleges a cause of action under the Administrative Procedure Act, "the complaint, properly read, actually presents no factual

allegations, but rather only arguments about the legal conclusion to be drawn about the agency action." *Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009); *see also Groundfish Forum v. Ross*, 375 F. Supp. 3d 72, 81 (D.D.C. 2019). Accordingly, the Court must determine whether the agency action comports with the relevant APA standards.

In a case alleging unlawfully withheld agency action, the Court looks to six factors:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Telecomms. Rsch. & Action Ctr. v. FCC* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984) (internal quotation marks and citations omitted). The first factor is the most important, but each of the factors merely provides "useful guidance" to determine whether the agency has unreasonably delayed action. *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008) (quoting *TRAC*, 750 F.2d at 80). The *TRAC* analysis is fact-intensive: "Resolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances before the court." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003).

### B. Motion for Relief from Local Civil Rule 7(n)

Local Civil Rule 7(n) requires defendants in suits for judicial review of administrative actions to file "a certified list of the contents of the administrative record with the Court" by the earlier of "[thirty] days following service of the answer to the complaint" or "the filing of a

4

dispositive motion." The rule "is intended to assist the Court in cases involving a voluminous record." LCvR 7(n) cmt. In cases without a voluminous record, the 7(n) list is immaterial. *See Carroll v. Off. of Fed. Cont. Compl. Programs*, 235 F. Supp. 3d 79, 81 (D.D.C. 2017)

### C. Motion to Expedite Discovery

Ordinarily, a party may not conduct discovery before the Rule 26(f) discovery conference. *See* Fed. R. Civ. P. 26(d). The Court, however, may authorize early discovery when that discovery is reasonable.[2] *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014). To determine whether a request is reasonable, courts look to five factors: "(1) whether a motion for preliminary injunction is pending, (2) the discovery request's breadth, (3) the purpose for requesting expedited discovery, (4) the burden on the defendant to comply with the requested discovery, and (5) how far in advance of the typical discovery process the request is made." *Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015).

## III.  ANALYSIS

### A. Motion to Dismiss

The parties appear to agree that the Court has the discretion to wait to take up the merits of an unreasonable delay claim until after discovery. *See* Reply Br. 7 (ECF No. 12). The Court agrees. *See Moghaddam v. Pompeo*, 424 F. Supp. 3d 104, 116–17 (D.D.C. 2020); *Raju v. Cuccinelli*, No. 20-CV-01386-AGT, 2020 WL 4915773, at *1 (N.D. Cal. Aug. 14, 2020). The Court will exercise that discretion and decline to consider whether the agency has unreasonably delayed adjudication of the plaintiffs' visa applications until it has a sufficient record to answer that question. It sees no reason to rush to judgment and undertake a "complicated and nuanced

---

[2] Some courts have applied the *Notaro* approach, which mirrors the standard for a preliminary injunction. *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y.1982); *see, e.g.*, Landwehr v. FDIC, 282 F.R.D. 1, 3 (D.D.C. 2010) (applying *Notaro*).

task requiring consideration of the particular facts and circumstances before the court" without any record whatsoever. *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003). Indeed, to decide this case on the merits without any record would deny plaintiffs the meaningful judicial review the APA promises them.

The agency makes several arguments in support of an immediate merits decision. None is persuasive.

First, the agency points to a number of cases where courts have resolved unreasonable delay cases on motions to dismiss. *See* Reply Br. 3–6. But as the agency never argues that the Court *must* reach the merits of an unreasonable delay claim on a motion to dismiss, none of those cases compels a different outcome here. Rather, they simply suggest that other courts have exercised their discretion differently.

Second, the agency argues that the plaintiffs cannot possibly succeed on the merits of their unreasonable delay claim. But the merits depend on the facts. To address the merits without knowing the facts would be precipitous. *See Moghaddam*, 424 F. Supp. at 117.

The Court will wait until it has evidence before it to decide the merits of the plaintiffs' claim. Therefore, it will deny the agency's motion to dismiss.

### B. Motion for Relief from Local Civil Rule 7(n)

As both parties agree that there is no administrative record to produce in this case, the Court will grant the agency relief from the requirements of Local Civil Rule 7(n).

### C. Motion to Expedite Discovery

Because the Court has denied the agency's motion to dismiss, discovery will commence imminently. *See* Fed. R. Civ. P. 26(d)(1); LCvR 16.3(a); *see also* Order, ECF No. 16. Therefore, the Court will deny the motion to expedite discovery as moot.

## IV.  CONCLUSION

Based on the foregoing, the Court will **DENY** the motion to dismiss, **GRANT** the motion for relief from Local Civil Rule 7(n), and **DENY** as moot the motion to expedite discovery by separate order.

Date: 1/25/2021

Royce C. Lamberth
United States District Judge